Matthew J. Witteman (SBN 142472)
LAW OFFICES OF MATTHEW J. WITTEMAN
711 Grand Avenue, Suite 130
San Rafael, CA  94901
(415) 362-3160
matthew@wittlegal.net

ATTORNEYS FOR PLAINTIFF LISA NOTTER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF- CALIFORNIA

| | |
|---|---|
| LISA NOTTER,<br><br>          Plaintiff,<br><br>   vs.<br><br>CITY OF PLEASANT HILL, PLEASANT HILL POLICE DEPARTMENT, CHELSEA WRIGHT, and DOES 1-50.<br><br>       Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF 42 USC 1983**<br><br>**2. VIOLATION OF BANE ACT**<br><br>**3. INVASION OF PRIVACY**<br><br>**4. TRESPASS**<br><br>**5. BATTERY**<br><br>**6. FALSE IMPRISONMENT/ARREST**<br><br>**7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**8. DEFAMATION** |

Comes now plaintiff Lisa Notter, and alleges the following:

///

///

**COMPLAINT - 1**

## JURISDICTION AND VENUE7

1. As appears more fully below, this court has jurisdiction of this matter under 28 USC section 1331 because plaintiff asserts violations of 42 USC 1983 and other applicable federal law prohibiting violations of the United States Constitution.

2. Venue is proper in this District inasmuch as the claims arise out of occurrences in Contra Costa County, where defendants are located or have their principle places of business.

## PARTIES

3. Plaintiff Lisa Notter (sometimes hereafter "MS. NOTTER") is a resident of the County of Contra Costa, California.

4. Defendant City of Pleasant Hill (sometimes hereafter PLEASANT HILL) is a municipality and governmental entity in the County of Contra Costa, State of California.

5. Defendant City of Pleasant Hill Police Department (sometimes hereafter PLEASANT HILL), is an agency of the defendant City of Pleasanton.

6. Chelsea Wright, Badge Number 427 (sometimes hereafter WRIGHT), at all times relevant to this complaint was an individual and police officer employee of the PLEASANT HILL.

7. Plaintiff has no knowledge of the names and capacities of defendants DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants has caused damage to plaintiff as hereinafter alleged.

8. Defendants and each of them at all times acted as the agents, employees, partners, joint tort-feasors, co-conspirators, and/or joint ventures of one another. In doing the acts alleged herein, defendants and each of them were acting at least in part within the course and scope of said agency, employment, partnership, joint-tort, conspiracy, and/or joint venture with the direction, advance knowledge, authorization, acquiescence, or subsequent ratification of one

**COMPLAINT - 2**

1    another.  7Such parties assisted one another in the acts alleged herein.  Defendants and each of

2    them agreed to the course of action alleged herein, ratified, and conspired with and aided and

3    abetted one another in achieving that objective and pursuing that course of action.   Defendants

4    and each of them benefited from the illegal and wrongful acts alleged herein, and should be held

5    accountable for same.  Without limiting the generality of the foregoing, Defendants and each of

6    them acted with intentional, willful, and malicious disregard of the rights and impact of

7    defendants' conduct on plaintiff.

8         9.      Plaintiff lodged a timely government claim with the PLEASANT HILL, which

9    was denied.  This suit has been filed within specified time limits after that denial.

GENERAL ALLEGATIONS

11        10.     MS. NOTTER planned her daughter's wedding reception for August 8, 2015 at

12   MS. NOTTER's home in Pleasant Hill, California.  Wishing to comply with all applicable laws

13   and have a peaceful and joyous celebration without incident, MS. NOTTER telephoned the

14   Pleasant Hill Police Department on or around July 28, 2015 and told the police officer that

15   answered the telephone of the Notters' wedding plans, including the contemplated use of a "DJ"

16   for music.  MS. NOTTER asked the officer if there were noise abatement rules for the planned

17   Saturday night event, and was told there were none *per se*, but that the music should be turned

18   down by midnight.  The officer recommended further that MS. NOTTER should distribute a

19   flyer to her neighbors, and should advise them of the wedding plans and that the music would be

20   played until 12 a.m.  The officer further specified that the flyer should state that a "[a] copy of

21   this flyer has also been given to the Pleasant Hill Police Department at their Request," and that a

22   copy of the flyer should be delivered to the Pleasant Hill Police Department so that the

23   Department could have it to refer to "just in case anyone calls us in the evening."  At or near the

24   end of the conversation, the officer conveyed best wishes to MS. NOTTER by saying "have a

25   great celebration and congratulations on your daughter's wedding."  MS. NOTTER fully

**COMPLAINT - 3**

1   complied with the directives and recommendations of the Pleasant Hill Police Department as

2   indicated above, including but not limited to distributing the flyers to all her neighbors and

3   providing a copy of the flyer to the Pleasant Hill Police Department.

4        11.    On August 8, 2015, as the Notter wedding reception was proceeding, defendant

5   WRIGHT arrived outside the wedding reception in her patrol car and full uniform, armed and

6   agitated.  The time around or shortly before 11:00 p.m.  Evidently there had been some sort of

7   noise complaint, but the Notters were unaware of it.  WRIGHT demanded of the valets parking

8   vehicles in front of the home where the owners of the home were, and the valets told WRIGHT

9   that they would retrieve the owners.  As the valet or valets turned and entered the home to secure

10  MS. NOTTER and/or her husband, WRIGHT without a warrant, consent, or adequate cause

11  barged into the home in search of the owners.  The guests and MS. NOTTER and her husband,

12  all who had been celebrating the occasion and enjoying themselves, were startled and dismayed

13  to see WRIGHT and one or more additional officers entering the party in full uniform, hands on

14  guns, and in a hostile and aggressive manner.  MS. NOTTER's husband, who had been dancing

15  with his daughter, approached WRIGHT, identified himself and MS. NOTTER's as the owners

16  of the house, and asked what was going on and tried to be of assistance.  WRIGHT angrily

17  responded by yelling at Mr. Notter and the assembled party that "I am going to shut you down"

18  or similar words, and made a "cut-off" sign with her hand.  Mr. Notter then turned to the DJ and

19  asked that the music be turned down, and the DJ immediately complied, reducing the music to a

20  very low volume.  Within moments the music was turned off completely.  Even before

21  WRIGHT's command and Mr. Notter's request to the DJ, however, the music was not so loud as

22  to prevent conversation around the perimeter of the dance floor.

23       12.    At or around the time the music was turned down, WRIGHT angrily began to

24  discuss the situation with MS. NOTTER, who attempted to explain what she had been told by the

25  Pleasant Hill Police Department.   WRIGHT, however, would have none of it and heatedly told

**COMPLAINT - 4**

1   MS. NOTTER "he didn't say that" or "you don't know shit about the rules," or words to that

2   effect, and repeated that "I'm shutting you down."  In the meantime Mr. Notter attempted to

3   rejoin his wife at her side but was told by WRIGHT "get back sir, I will speak to your wife."

4    At the time, WRIGHT was standing excessively close to MS. NOTTER and towering over the

5   five foot, two inch 63 year old woman with grey hair, never taking her hand off her gun, with the

6   obvious intent of intimidating and causing distress to MS. NOTTER.  MS. NOTTER and her

7   husband, of course, were mortified by the scene WRIGHT had caused, in front of their daughter,

8   their son in law, his parents, and the whole wedding party.  MS. NOTTER, however, again

9   attempted to explain to WRIGHT that she was wrong, that perhaps the police department was

10  telling the public one thing and its officers something else, and that WRIGHT was out of line

11  barging in to the Notter residence and wedding reception.  MS. NOTTER's defense of the

12  privacy of her home and party and exercise of her free speech rights only appeared to inflame

13  WRIGHT further, who had worked herself into a highly agitated state.   At or around this point,

14  MS. NOTTER realizing that no reasonable accommodation or compromise could be achieved,

15  said "whatever," threw up her hands in resignation, and turned toward the DJ to assure herself

16  that the music would be turned completely off and/or would remain off.  A glass of water that

17  MS. NOTTER had in her hand, however, flew into the air as MS. NOTTER gestured and turned,

18  evidently causing, at least according to WRIGHT's subsequent statements, some drops of water

19  to hit WRIGHT's uniform since WRIGHT was standing excessively close to MS. NOTTER and

20  apparently attempting to pursue her as she turned.  To the extent that WRIGHT was hit with

21  water, the event was the result of an unintentional act and an accident, and/or the result of

22  WRIGHT's own actions.

23          13.    At that point, WRIGHT and another officer physically seized MS. NOTTER,

24  painfully pinned her arms behind her back, and lifted her off the floor and out of the house, to the

25  intense embarrassment, humiliation, and shock of MS. NOTTER, her husband, the Notter family,

1   and the entire wedding party.   Speaking into her radio, WRIGHT stated that MS. NOTTER had

2   thrown water on WRIGHT's uniform, and asked "[t]hat's assault, right?"  MS. NOTTER and her

3   husband continued to try to reason with WRIGHT, that she was mistaken, that this was their

4   daughter's wedding party, and that MS. NOTTER should be released, all to no avail.  WRIGHT

5   now informed Mr. Notter and the Notter family to "get back, this is now a police matter!"

6   Handcuffs were placed on MS. NOTTER over bracelets on her arms which dug into her wrists

7   and flesh.  MS. NOTTER cried out I pain that "you are hurting me, you are hurting me, the cuffs

8   are on top my jewelry!"  WRIGHT's response was to say "oh, does that hurt?," and to clamp

9   down on the cuffs further.  WRIGHT and her partners then dragged MS. NOTTER across the

10   backyard, and into the front yard, and threw her into the back of a police vehicle, in plain sight of

11   the stunned wedding party.  WRIGHT, however, had neglected to secure MS. NOTTER safely in

12   the rear of the vehicle, and when WRIGHT violently started the vehicle forward, MS. NOTTER

13   fell over causing her pain and injury in the fall and in the position in which she landed and

14   remained, although she repeatedly asked for assistance from WRIGHT, who ignored her.

15        14.     Defendants arrested and kept MS. NOTTER in custody overnight.  During that

16   time period, WRIGHT and other officers and deputies continued intentionally to cause MS.

17   NOTTER physical and emotional suffering, by ignoring her requests to go to the bathroom, by

18   denying her a blanket when she became cold in the middle of the night, by insulting and

19   demeaning her, by failing to release her or let her make a timely telephone call, and by

20   perpetuating other indignities.  In the meantime, the wedding guests at the Notter reception, or

21   the tatters of the ruined reception, were in shock and great distress.  MS. NOTTER suffered

22   intense emotional distress and embarrassment, as well as physical injury, as a result of the false

23   search, seizure, and arrest of her person and home, and the complete destruction of a wedding

24   party and memory that was to have lasted positively forever, but which was now replaced with a

25   nightmare.

**COMPLAINT - 6**

15.     WRIGHT arrested and/or booked MS. NOTTER evidently for battery or assault on WRIGHT's person, although a criminal complaint was never filed.  MS. NOTTER incurred legal fees as a result of the false search, seizure, and arrest.  WRIGHT also caused to be published in the Contra Costa Times a notice of MS. NOTTER's arrest.  WRIGHT also falsely and intentionally caused to be published to the Board of Registered Nursing of the State of California an advisory that MS. NOTTER had been arrested in an incident involving drug and alcohol abuse.  MS. NOTTER is a registered nurse.  The communication has negatively affected MS. NOTTER's professional standing and licensure.

Wherefore, MS. NOTTER prays for relief as follows.

(FIRST CLAIM FOR RELIEF)
(UNCONSTITUTIONAL SEARCH - 42 USC § 1983)

16.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

17.     Defendants searched without warrant, cause, or adequate justification the Notter residence, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.  In the case of CITY OF PLEASANT HILL and doe institutional defendants, MS. NOTTER is informed and believes and thereupon alleges that such defendants promulgated a policy, maintained a custom or practice, failed to train and/or supervise, and/or should otherwise be liable for the alleged conduct and proximate damages under principles enunciated under *Monnell v. Department of Social Services* (1978) 436 U.S. 658 and related law.

18.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

**COMPLAINT - 7**

19.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(SECOND CLAIM FOR RELIEF)
(UNCONSITUTIONAL SEIZURE - 42 USC § 1983)

20.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

21.     Defendants seized and arrested MS. NOTTER's person without warrant, cause, or adequate justification the Notter residence, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.  In the case of CITY OF PLEASANT HILL and doe institutional defendants, MS. NOTTER is informed and believes and thereupon alleges that such defendants promulgated a policy, maintained a custom or practice, failed to train and/or supervise, and/or should otherwise be liable for the alleged conduct and proximate damages under principles enunciated under *Monnell v. Department of Social Services* (1978) 436 U.S. 658 and related law

22.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

23.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

///

**COMPLAINT - 8**

(THIRD CLAIM FOR RELIEF
(USE OF EXCESSIVE FORCE - 42 USC § 1983)

24.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

25.     Defendants used and caused to be used excessive force on MS. NOTTER's person without cause or adequate justification, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.  In the case of CITY OF PLEASANT HILL and doe institutional defendants, MS. NOTTER is informed and believes and thereupon alleges that such defendants promulgated a policy, maintained a custom or practice, failed to train and/or supervise, and/or should otherwise be liable for the alleged conduct and proximate damages under principles enunciated under *Monell v. Department of Social Services* (1978) 436 U.S. 658 and related law.

26.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

27.     MS. NOTTER was proximately damaged by defendants' action including but not limited to physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(FOURTH CLAIM FOR RELIEF)
(UNCONSTITUTIONAL SEARCH – BANE ACT)

28.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

29.     Defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment of MS. NOTTER's federal and state constitutional right

to be free of warrantless and unreasonable searches of her home, all in violation of section 52.1 of the California Civil Code.

30.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

31.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(FIFTH CLAIM FOR RELIEF – UNCONSITUTIONAL SEIZURE)
(UNCONSITUTIONAL SEIZURE – BANE ACT)

32.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

33.     Defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment of MS. NOTTER's federal and state constitutional right to be free of warrantless and unreasonable seizures and arrest of her person without probable or adequate cause, all in violation of section 52.1 of the California Civil Code.

34.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

35.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

**COMPLAINT - 10**

(SIXTH CLAIM FOR RELIEF
(USE OF EXCESSIVE FORCE – BANE ACT)

36.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

37.     Defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment of MS. NOTTER's federal and state constitutional right to be free of excessive use of force in the seizure of her person by governmental actors, all in violation of section 52.1 of the California Civil Code.

38.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

39.     MS. NOTTER was proximately damaged by defendants' action including but not limited to physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(SEVENTH CLAIM FOR RELIEF
(FIRST AMENDMENT FREE SPEECH – BANE ACT)

40.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

41.     Defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment of MS. NOTTER's federal and state constitutional right to free speech under the First Amendment of the United States Constitution and under the California Constitution, all in violation of section 52.1 of the California Civil Code.

42.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

43.     MS. NOTTER was proximately damaged by defendants' action including but not limited to physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(EIGHTH CLAIM FOR RELIEF
(INVASION OF PRIVACY)

44.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

45.     MS. NOTTER had a reasonable expectation of privacy in her home and wedding party which defendants invaded and violated in a highly offensive and non-privileged manner.

46.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

47.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic injury, physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(NINTH CLAIM FOR RELIEF
(TRESPASS)

48.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

COMPLAINT - 12

49.     MS. NOTTER owned real property upon which defendants intentionally, recklessly, or negligently entered without permission or privilege.

50.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

51.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic damages, physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(TENTH CLAIM FOR RELIEF<br>(FALSE IMPRISONMENT AND ARREST)

52.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

53.     Defendants intentionally deprived MS. NOTTER of her freedom of movement by physical force and falsely arrested MS. NOTTER without warrant, probable cause, or privilege.

54.     MS. NOTTER was thus imprisoned or arrest for an appreciable time.

55.     MS. NOTTER did not consent to the imprisonment or arrest.

56.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

57.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE MS. NOTTER prays for relief as follows.

**COMPLAINT - 13**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

(ELEVENTH CLAIM FOR RELIEF
(BATTERY AND ASSAULT)

58.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

59.     Defendants touched or caused MS. NOTTER to be touched with the intent to harm or offend.  Defendants similarly threatened to touch MS. NOTTER in a harmful or offensive manner and MS. NOTTER reasonably believed that she was about to be touched in a harmful or offensive manner.

60.     MS. NOTTER did not consent to the touching or the threats of such touching.

61.     A reasonable person would have been offended by the touching.

62.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

63.     MS. NOTTER was proximately damaged by defendants' action including but not limited to physical injury, pain, and suffering, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(TWELFTH CLAIM FOR RELIEF
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

65.     Defendants' conduct was outrageous.

66.     Defendants intended to cause MS. NOTTER emotional distress and/or acted with reckless disregard of the probability that MS. NOTTER would suffer emotional distress, knowing that she was present when the conduct occurred.

67.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

68.     MS. NOTTER was proximately damaged by defendants' action including but not limited to severe emotional distress, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE, MS. NOTTER prays for relief as follows.

(THIRTEENTH CLAIM FOR RELIEF
(DEFAMATION)

69.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

70.     Defendants published and caused to be published evidently in writing but possibly also orally, the following statements, that MS. NOTTTER had been arrested for battery or assault on a police officer, and that MS. NOTTER had been arrested for a crime involving the misuse of alcohol or drugs.  The former statement was published in the Contra Costa Times, the latter to the Board of Registered Nursing.

71.     The public reasonably understood or would have understood the statements to mean that MS. NOTTER's arrest was lawful and with cause, and/or that she had committed the crime of battery or assault on a police officer, and that MS. NOTTER had been arrested for a crime involving the misuse of alcohol or drugs,

COMPLAINT - 15

72.     The statements and implications were false, and were not true and accurate reporting.

73.     Defendants knew or should have known they were false.

74.     The statements were unprivileged.

75.     Defendants acted in the foregoing manner, intentionally, maliciously, and in conscious disregard of MS. NOTTER's rights, justifying the imposition of punitive damages on Defendants.

76.     MS. NOTTER was proximately damaged by defendants' action including but not limited to harm to her business, trade, or profession, legal expenses to correct misstatements about her in the public record, harm to her reputation, shame, mortification, and hurt feelings, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE plaintiff prays for relief as follows.

(FOURTEENTH CLAIM FOR RELIEF
(NEGLIGENCE)

77.     MS. NOTTER incorporates herein by this reference all previous paragraphs.

78.     Defendants owed MS. NOTTER a duty to exercise reasonable care in the conduct of their business as it related to MS. NOTTER, to avoid reasonably foreseeable damage to MS. NOTTER, including but not limited to coordination between the police station and WRIGHT and responding police officers concerning prior interactions with the Notters and understandings that may have developed during the course of those interactions relating to the Notters' wedding party.

79.     Defendants breached their duty of reasonable care to MS. NOTTER.

80.     MS. NOTTER was proximately damaged by defendants' breach including but not limited to economic loss, loss of reputation, attorney's fees, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

81.     MS. NOTTER was proximately damaged by defendants' action including but not limited to economic harm, attorney's fees, harm to her business, trade, or profession, legal expenses to correct misstatements about her in the public record, harm to her reputation, shame, mortification, and hurt feelings, and general damages, all in amount to be proven at trial, and in excess of any jurisdictional limits imposed by this court.

WHEREFORE plaintiff prays for judgment as follows:

1.     General damages according to proof but in excess of any limitation of this court;

2.     Harm to MS. NOTTER's business trade or profession, and harm to her reputation;

3.     Special damages according to proof, including but not necessarily limited to $43,000 in expenses associated with a ruined wedding party and attorney's fees in the amount of $4000, or amounts to be proven at trial;

4.     Exemplary damages in an amount sufficient to punish, deter and make an example of defendants;

5.     Attorney's fees under 42 USC 1988, section 52.1 of the California Civil Code and other applicable law;

6.     Costs of suit;

///

///

///

///

**COMPLAINT - 17**

7.      Such and further relief as the court deems just and appropriate.

DATED: 8/4/2016

By:    _____
       Matthew J. Witteman
       ATTORNEYS FOR PLAINTIFF

**COMPLAINT - 18**