UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA NOTTER,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF PLEASANT HILL, et al.,<br><br>  Defendants. | Case No. 16-cv-04412-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Now pending before the Court is Defendants' motion to dismiss. (Dkt. No. 8.) After carefully reviewing the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS in part and DENIES in part the motion as set forth below.

1. Defendants' motion to dismiss Plaintiff's first through third claims for relief for illegal search, illegal seizure, and excessive force under Section 1983 to the extent they are based on the Fourteenth Amendment is DENIED. As explained in Plaintiff's opposition, Plaintiff brings these claims pursuant to the Fourth Amendment as applied to the states by the Fourteenth Amendment.

2. Defendants' motion to dismiss the *Monell* claims in the first through third claims for relief is GRANTED with leave to amend. The only allegation in support of *Monell* liability is that "defendants promulgated a policy, maintained a custom or practice, failed to train and/or supervise, and/or should otherwise be liable for the alleged conduct and proximate damages under principles enunciated under *Monell* . . . and related law." (Compl. at ¶¶ 17, 21, 25.) Plaintiff's perfunctory statement does not adequately plead that the violations of her constitutional rights were pursuant to an official policy, custom, or practice. *See AE ex rel. Hernandez*, 666 F.3d 631, 637 n.5 (9th Cir. 2012) ("naked assertions" of official "policies, customs, and practices" are

inadequate to state a claim for *Monell* liability).

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) does not apply. Plaintiff concedes that *Leatherman* pre-dates *Iqbal/Twombly* and the Ninth Circuit has clearly held that the *Iqbal/Twombly* pleading standard applies equally to *Monell* claims. *See AE ex rel. Hernandez*, 666 F.3d at 637 (holding that factual allegations in a pleading must plausibly suggest an entitlement to relief for *Monell* municipal liability claims as well).

Plaintiff argues that *Monell* liability exists given the "sadistic behavior" of Officer Wright and "[t]he actions and inactivity of multiple employees of the Pleasant Hill Police Department, both before and after the illegal search and seizure in this case, [which] gives rise to more than a plausible inference of a structural problem at the Police Department." (Dkt. No. 13 at 8.) Plaintiff cites to Officer Wright's conduct at the police station and the failure of Wright's supervisor to intervene. Plaintiff also suggests that the City ratified the excessive force and conduct of the officers involved when they denied her government claim. These allegations, however, do not appear in the Complaint.

Even if alleged in the Complaint, these allegations standing alone may not be sufficient to establish *Monell* liability based on an official policy, failure to train, or ratification. Plaintiff cannot "simply allege[] that [s]he was arrested without probable cause, and that a search [was conducted] of h[er] home without probable cause, and that that translates into a 'policy.'" *Cannon v. City of Petaluma*, No. C 11–0651 PJH, 2012 WL 1183732, at *19 (N.D. Cal. Apr. 6, 2012). Further, a supervisor may only be liable for acts of a subordinate "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). It is not enough to allege a failure to train based on a single incident; rather, Plaintiff must allege facts showing a pattern and practice of "deliberate indifference" to violations of constitutional rights, including allegations that "a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *see also Cannon*, 2012 WL 1183732 at *19 ("[w]here[] there is only a single constitutional violation alleged, such an allegation is insufficient to show a pattern and practice of

2

1  misconduct necessary to proceed with the *Monell* claim."). Finally, with respect to ratification, "a
2  policymaker's mere refusal to overrule a subordinate's completed act does not constitute
3  approval." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). "There must [ ] be evidence of a
4  conscious, affirmative choice" on the part of the authorized policymaker. *Gillette v. Delmore*, 979
5  F.2d 1342, 1347 (9th Cir. 1992).

6  Accordingly, because Plaintiff's *Monell* claims under Section 1983 are inadequately pled,
7  the claims are dismissed with leave to amend.

8  3. Defendants' motion to dismiss the Bane Act claims on the grounds that Plaintiff has not
9  satisfied the California Tort Claims Act is DENIED. Plaintiff filed a timely claim with the City of
10 Pleasant Hill that set forth the facts upon which the Complaint is based. This claim was sufficient
11 to satisfy the California Tort Claims Act even though she did not specifically identify the Bane
12 Act. *See Stockett v. Ass'n of California Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441 (2004);
13 *see also Mueller v. Cruz*, No. 13-01274, 2015 WL 9455565 *7 (C.D. Cal. Dec. 23, 2015)
14 (allowing a Bane Act cause of action to survive even though it was not specifically enumerated as
15 a cause of action in the government claim because the claim gave the county notice of sufficient
16 facts to investigate).

17 4. Defendants' motion to dismiss the Bane Act unlawful search claim (fourth claim for
18 relief) for failure to state a claim is DENIED. Plaintiff has sufficiently alleged threats, coercion,
19 and intimidation separate from the unlawful search itself. (Complaint at ¶¶ 11, 12.)

20 5. Defendants' motion to dismiss the excessive force and unlawful seizure Bane Act
21 claims (fifth and sixth claims for relief) for failure to state a claim is DENIED. *See Barragan v.*
22 *City of Eureka*, No. 15-CV-02070-WHO, 2016 WL 4549130, at *8 (N.D. Cal. Sept. 1, 2016); *see*
23 *also Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 978 (2013) ("Where . . . an arrest is
24 unlawful *and* excessive force is applied in making the arrest, there has been coercion independent
25 from the coercion in the wrongful detention itself—a violation of the Bane Act") (emphasis in
26 original) (internal citations and quotation marks omitted).

27 6. Defendants' motion to dismiss the First Amendment Bane Act claim (seventh cause of
28 action) is GRANTED with leave to amend. Plaintiff has not sufficiently identified the violation of

her First Amendment rights.

7. Defendants' motion to dismiss the state tort claims (eighth through fourteenth claims for relief) is GRANTED with leave to amend to specifically identify which defendant is sued on each claim and the statutory basis, if any, for each claim.

8. The punitive damages claim against the City is dismissed without leave to amend.

Plaintiff shall file her amended complaint on or before November 15, 2016.

The Case Management Conference remains on calendar for November 10, 2016 at 1:30 p.m. The parties' Joint Case Management Conference Statement is due November 3, 2016.

**IT IS SO ORDERED.**

Dated: November 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge